**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3402
_____

UNITED STATES OF AMERICA

v.

ROBERT EARL MARTIN,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:98-cr-00178-001)
District Judge:  Honorable Mark A. Kearney

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 1, 2023

Before:  KRAUSE, PORTER, and MONTGOMERY-REEVES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 17, 2023)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Robert Martin appeals from an order denying his third motion for

compassionate release under 18 U.S.C. § 3582(c)(1).  The Government has filed a motion

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

for summary affirmance of the District Court's order. See 3d Cir. L.A.R. 27.4(a). We grant the Government's motion.

In 2001, the District Court imposed a sentence of life in prison after a jury found Martin guilty of armed bank robbery and using and carrying a firearm during a crime of violence. Martin was sentenced pursuant to the three strikes law for having been convicted of at least three "serious violent felon[ies]," 18 U.S.C. § 3559(c), including past convictions for armed bank robbery and second-degree murder. We affirmed his judgment of conviction and sentence. United States v. Martin, 46 Fed. App'x 119, 123 (3d Cir. 2002).

Martin filed motions for compassionate release in 2020 and 2021. Among the grounds raised, he argued for release because of his rehabilitative efforts and because he feared severe illness or death from COVID-19 in light of his age and health conditions. The District Court denied those motions for reasons it outlined in detailed memoranda. See ECF Nos. 172, 188. In particular, with respect to the second motion, the District Court reviewed Martin's health considerations, noted he had been vaccinated, and decided that he had not demonstrated extraordinary and compelling reasons. ECF No. 188 at 8. The Court further explained that the § 3553(a) factors did not weigh in Martin's favor when his violent criminal history, disregard for the safety of others, and failure to avoid criminal conduct after being incarcerated in the past continued to indicate that he remained a risk to community safety. Id. at 9. Martin appealed the denial of the second motion, and we summarily affirmed. See C.A. No. 21-2853.

2

In November 2022, Martin filed his third motion for compassionate release. He once again highlighted his deteriorating health due to age and serious diagnoses, and he added more grounds he wanted the District Court to consider as constituting "extraordinary and compelling" reasons for release.[1] The Government opposed the motion. The District Court denied it in an order entered on November 29, 2022. See ECF No. 202. He filed a timely notice of appeal. The Government has now moved for summary action, which Martin opposes.

We have appellate jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for an abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (explaining that we will not vacate a district court's decision "unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors" (cleaned up)). A district court may reduce a movant's incarceration if "extraordinary and compelling reasons warrant such a reduction," but the court must consider the applicable sentencing factors under § 3553(a) before relief may be granted. § 3582(c)(1)(A)(i).

The District Court explained in its November 2022 order:

> We are again not persuaded Mr. Martin's history of violence, recidivism, and narcotic abuse do not pose a danger to society. We commend Mr. Martin on his rehabilitation efforts and appreciate the letters of support. But we find the § 3553(a) sentencing factors weigh against release at this stage.

---

[1] Because we ultimately find no abuse of discretion concerning the District Court's weighing of § 3553(a) factors and resulting denial of his motion, it is unnecessary for us to address the "extraordinary and compelling" arguments.

D. Ct. Order (ECF No. 202) at 2 n.1.[2] We must concur with the District Court's decision that Martin's history continues to indicate that he presents a danger to the community, and that the balance of factors under § 3553(a) weighs against release right now. His extensive criminal history includes at least two occasions of recidivism to violent crimes after being released from prison for serious, violent offenses, including murder and armed robbery. On appeal, he maintains that he is not the person he was, and that the District Court's evaluation of his record and characteristics are "frozen in time." Appellant's Br. (3d Cir. Dkt. No. 11) at electronic p. 20. But the District Court made its decision after carefully considering—as it has with Martin's motions preceding this one— Martin's remorse and rehabilitation work while in prison. He argues that his rehabilitation and behavior during incarceration "should weigh in favor of reducing his sentence," id. at 21, but the fact remains that there are still other § 3553(a) sentencing factors that continue to outweigh them. While we commend his efforts, we cannot say that the District Court made a grave error of judgment by deciding against his release at this time. Pawlowski, 967 F.3d at 330.

For these reasons, we will summarily affirm the District Court's order denying Martin's motion for compassionate release. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.[3]

---

[2] In prior decisions, the District Court walked through the § 3553(a) sentencing criteria in additional detail, see ECF Nos. 172 at 13-15, 188 at 8-9, and analyzed Martin's danger to the community in particular, see ECF No. 172 at 8-13.

[3] We grant the Government's request to be relieved of filing a brief. Martin's motion to file his summary action response out of time is granted.